PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
Barry N. Saltzman (BS 6533)
Michael D'Angelo (MD 3030)

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND, and JOHN J. VIRGA, in his fiduciary capacity as Director,<br><br>Plaintiffs,<br><br>-against-<br><br>CHAMPION CONSTRUCTION CORP.,<br><br>Defendant. | No. 07-Civ. 3931 (CM)(KNF)<br><br>**ANSWER** |

Defendant, CHAMPION CONSTRUCTION CORP. ("Champion") by its undersigned attorneys hereby answers the complaint dated May 14, 2007 (the "Complaint") filed by Plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund, and John J. Virga in his fiduciary capacity as Director (the "Funds") as follows:

Nature and Jurisdiction

1. No response is required to the averments of Paragraph (1) of the Complaint; alternatively, the averments of Paragraph (1) of the Complaint are denied.

2. Admits jurisdiction as alleged in Paragraph (2) of the Complaint.

3. Admits venue as alleged in Paragraph (3) of the Complaint.

Parties

4. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph (4) of the Complaint.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph (5) of the Complaint.

6. Lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph (6) of the Complaint.

7. Denies the averments of Paragraph (7) of the Complaint except avers that [averments re: Local 279, BCA to be added].

First Claim - Breach of Contract

8. Champion repeats each and every response set forth in Paragraph (1) - (7) above as if fully set forth hereat.

9. Denies the averments of Paragraph (9) of the Complaint.

10. Denies the averments of Paragraph (10) of the Complaint.

11. Denies the averments of Paragraph (11) of the Complaint.

12. Denies the averments of Paragraph (12) of the Complaint.

Second Claim - Breach of ERISA

13. Champion repeats each and every response set forth in Paragraphs (1) - (12) above as if fully set forth hereat.

14. No response is required to Paragraph (14) of the Complaint which avers legal conclusions.

15. Denies the averments of Paragraph (15) of the Complaint.

16. No response is required to Paragraph (16) of the Complaint which avers legal

conclusions.

17. Denies the averments of Paragraph (17) of the Complaint.

### Third Claim-Audit

18. Champion repeats each and every response set forth in Paragraphs (1) - (17) above as if fully set forth hereat.

19. Denies the averments of Paragraph (19) of the Complaint but avers that Champion is required to provide the Funds with certain information and data access.

20. No response is required to Paragraph (20) of the Complaint which is a request for relief; alternatively, the request should be denied.

### Fourth Claim - Breach of Contract (Dues)

21. Champion repeats each and every response set forth in Paragraphs (1) - (20) above as if fully set forth hereat.

22. Denies the averments of Paragraph (22) of the Complaint but avers that Champion is required, at times, to make periodic payments for dues check off.

23. Denies the averments of Paragraph (23) of the Complaint.

24. Denies the averments of Paragraph (24) of the Complaint.

25. No response is required to Paragraph (25) of the Complaint which is a request for relief; alternatively, the request should be denied.

### Fifth Claim - Breach of Contract (PAC)

26. Champion repeats each and every response set forth in Paragraphs (1) - (25) above as if fully set forth hereat.

27. Denies the averments of Paragraph (27) of the Complaint but avers that Champion is required, at times, to make such periodic payments when such payments have been properly

authorized.

28. Denies the averments of Paragraph (28) of the Complaint.

29. Denies the averments of Paragraph (29) of the Complaint.

30. No response is required to Paragraph (30) of the Complaint which is a request for relief; alternatively, the request should be denied.

Sixth Claim - Breach of Contract (Bond)

31. Champion repeats each and every response set forth in Paragraphs (1) - (30) above as if fully set forth hereat.

32. Denies the averments of Paragraph (32) of the Complaint, and aver that the document speaks for itself.

33. Denies the averments of Paragraph (33) of the Complaint.

34. Denies the averments of Paragraph (34) of the Complaint.

35. Denies the averments of Paragraph (35) of the Complaint.

36. Denies the averments of Paragraph (36) of the Complaint.

37. Denies the averments of Paragraph (37) of the Complaint.

Seventh Claim -Injunction

38. Champion repeats each and every response set forth in Paragraphs (1) - (37) above as if fully set forth hereat.

39. Denies the averments of Paragraph (39) of the Complaint, and state that the documents speak for themselves.

40. Denies the averments of Paragraph (40) of the Complaint.

41. Denies the averments of Paragraph (41) of the Complaint.

42. Denies the averments of Paragraph (42) of the Complaint.

43. No response is required to Paragraph (43) of the Complaint which is a request for relief; alternatively, the request should be denied.

## Eighth Claim - ERISA Injunction

44. Champion repeats each and every response set forth in Paragraphs (1) - (43) above as if fully set forth hereat.

45. No response is required to Paragraph (45) of the Complaint which avers legal conclusions; alternatively, the allegations are denied.

46. Denies the averments of Paragraph (46) of the Complaint.

47. Denies the averments of Paragraph (47) of the Complaint.

48. Denies the averments of Paragraph (48) of the Complaint.

49. No response is required to Paragraph (49) of the Complaint which is a request for relief; alternatively, the request should be denied.

## First Affirmative Defense

50. The Funds lack standing to bring Claims Fourth, Fifth and Seventh which appear to aver violations of purported rights allegedly held by a labor organization.

## Second Affirmative Defense

51. The Complaint should be dismissed because it attempts to plead claims for which the parties have reached accord and satisfaction.

## Third Affirmative Defense

52. The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

<u>Fourth Affirmative Defense</u>

53. The Complaint is barred in whole or in part by the statute of limitations or the doctrine of laches.

WHEREFORE, Defendant Champion requests that the Complaint be dismissed and judgment be entered in its favor, together with whatever further relief this Court deems fair and appropriate.

Dated: New York, New York
July 30, 2007

                                              Respectfully submitted

                                              PITTA & DREIER, LLP

                                              By: _____
                                                  Barry N. Saltzman (BS6533)
                                            Attorneys for Defendant
                                            499 Park Avenue
                                            New York, New York 10022
                                            (212) 652-3827

Of Counsel:
   Michael D'Angelo (MD3030)