718 818 8238     CHAMPION CONSTRU            12:16:03 p.m.   01-17-2008    2/11
01/17/2008 09:29 FAX                                                    ☒002/010

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND,
ANNUITY FUND and TRAINING PROGRAM
FUND, and JOHN J. VIRGA, in his fiduciary
capacity as Director,

       Plaintiffs,

-against-

CHAMPION CONSTRUCTION CORP.,

       Defendant.

No. 07-Civ. 3931 (CM)(KNF)

## STIPULATION AND ORDER OF SETTLEMENT

This STIPULATION AND ORDER OF SETTLEMENT (the "Agreement"), made this 17th day of January 2008, by and between CHAMPION CONSTRUCTION CORP. (the "Employer") and the MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, and TRAINING PROGRAM FUND, and JOHN J. VIRGA, in his fiduciary capacity as Director (collectively the "Funds").

WHEREAS, the Employer is a party to a collective bargaining agreement with the Mason Tenders District Council of Greater New York and Long Island (the "Collective Bargaining Agreement"); and

WHEREAS, pursuant to the collective bargaining agreement, the Employer is obligated to make certain contribution to the Funds on behalf of its employees; and

WHEREAS, an audit of the Employer's books and records was conducted at the Funds request pursuant to the collective bargaining agreement, the applicable provisions of the various Restatements of Trust for the Funds, and the applicable provisions of the Employee Retirement

{00319256.DOC;}

Income Security Act of 1974, as amended ("ERISA"), and the Multi-Employer Pension Plan Amendments Act of 1980 ("MEPPAA") for the time period May 1, 2002 through April 29, 2006 (the "Audit Period"); and

WHEREAS, the Funds have asserted that the Employer is required to pay certain employee benefits to the Funds an amount in excess of TWO HUNDRED SEVENTY TWO THOUSAND DOLLARS ($272,000) based upon the audit of the Employer's books and records (the "Audited Amount"); and

WHEREAS, the Funds commenced an action in the Southern District of New York styled *Mason Tenders District Council et al. v. Champion Construction Corp.*, Case No.: CV-07-3931 (CM) (the "Action") to recover the Audited Amount; and

WHEREAS, the Employer has disputed the Audited Amount of contributions owed to the Funds for the Audit Period; and

WHEREAS, the Employer is desirous of resolving and settling its obligation to pay outstanding contributions owed to the Funds (the "Obligation") and both Employer and the Funds are desirous of resolving and settling the disputed issues respecting same without the necessity of continued legal proceedings and without the risk of financial loss;

NOW, THEREFORE, in consideration of the mutual covenants set forth below, the parties hereby agree as follows:

1. In settlement of its Obligation for the Audited Amount for the Audit Period, the Employer shall pay to the Funds the sum of THREE HUNDRED ELEVEN THOUSAND DOLLARS ($311,000) consisting of the following: TWO HUNDRED EIGHTEEN THOUSAND, SEVEN HUNDRED FIFTY SEVEN DOLLARS AND EIGHTY ONE CENTS ($218,757.81) for fringe benefit contributions; FOUR THOUSAND, EIGHT HUNDRED, SIXTY EIGHT DOLLARS AND EIGHTY EIGHT CENTS ($4,868.88) for unremitted dues

{00319256.DOC;}

718 816 8236   CHAMPION CONSTRU                                   12:16:47 p.m.   01-17-2008   4/11
                                                                                                    ☒004/010

checkoffs; THREE HUNDRED EIGHTY NINE DOLLARS ($389.00) for unremitted Political Action Committee ("PAC") contributions; an additional FORTY SEVEN THOUSAND, SIX HUNDRED NINETEEN DOLLARS AND THIRTEEN CENTS ($47,619.13) in interest; NINE THOUSAND, SEVEN HUNDRED FIFTY FOUR DOLLARS AND FORTY TWO CENTS, ($9,754.42) in statutory damages; THREE HUNDRED NINETY DOLLARS ($390.00) in costs; and TWENTY SEVEN THOUSAND, EIGHT HUNDRED AND ONE DOLLARS AND FIFTY CENTS ($27,801.50) in attorneys' fees.

2. The payment of the above amounts will be paid in twelve installments, with interest on the declining balance at the rate of eight percent (8%) per annum. The first payment shall be in the amount of TWENTY SEVEN THOUSAND, FIVE HUNDRED FIFTY ONE DOLLARS AND EIGHTY TWO CENTS ($27,051.82) and shall be due on February 1, 2008. The next eleven payments shall each be in the amount of $27,051.82 and shall be due on the first day of each month from March 1, 2008 through January 1, 2009.

3. Upon payment of the last installment sum of TWENTY SEVEN THOUSAND, FIVE HUNDRED FIFTY ONE DOLLARS AND EIGHTY TWO CENTS ($27,051.82), the Funds shall deliver to the Employer a General Release which shall release and discharge the Employer and its officers, directors, shareholders, members, employees, agents, affiliated, associated or related companies, including any controlled group entities, successors, assigns and legal representatives (collectively the "Releasee") from all actions, claims and demands whatsoever that the Funds or their successors or assigns now have or hereafter can, shall or may have against the Releasee limited solely to the Audit Period.

4. Payment of the above amount shall be made by check payable to the order of the Mason Tenders District Council Trust Funds and shall be remitted to the Funds' offices at 520 Eighth Avenue, Suite 600, New York, New York 10018.

{00319256.DOC;}

718 818 8238   CHAMPION CONSTRU                    12:17:11 p.m.   01-17-2008   5/11
01/17/2008 09:31 FAX                                                    ☒005/010

5.  No provision within this Agreement shall prohibit the Employer from prepaying the above amounts to the Funds and the Employer shall have the right to prepay without penalty.

6.  The Funds hereby agree that they will audit the books and records of the Employer on a yearly basis, at a time mutually agreed to between the auditors retained by the Funds and the Employer. The Funds further agree that they will review the Employer's process of submitting remittance forms in an attempt to correct any errors in reporting the actual amount of contributions owed to the Funds.

7.  In the event of a default by the Employer of any payment agreed to or required by this Agreement, the Funds shall have the right, at their sole option and discretion, to enter judgment against the Employer the full amount of the Audited Amount for the Audit Period then remaining due, together with all lawful interest thereon, statutory damages, costs of entering said judgment, and any additional penalties, remedies and damages permitted by law, upon ten (10) business days written notice by certified mail, return receipt requested, to the individuals identified in paragraph sixteen (16) below and the failure of the Employer to cure said default within ten (10) business days of receipt thereof. The Employer hereby waives any notice of the submission of a judgment to the Court under this paragraph.

8.  It is understood and agreed by the parties to this Agreement that it is not to be construed as an admission of any specific liability on the part of any person, firm or corporation released, such liability being expressly denied, and shall never be treated by any party as an admission of specific liability by any party for any purpose.

9.  The Employer and the Funds agree that the terms of this Agreement are confidential and each party shall therefore use best efforts to prevent disclosure thereof to any third parties. It is understood that the Releasee or the Funds may without notice freely disclose the terms of this settlement, however, to federal, state or municipal taxing authorities or any

{00319256.DOC;}

718 818 6238     CHAMPION CONSTRU         12:17:36 p.m.   01-17-2008    6/11
01/17/2008 09:32 FAX                                              ☒006/010

judicial or governmental officer or individual to whom they may owe a legal duty to report or disclose the terms hereof.

10. This Agreement was duly made in the State of New York and shall be interpreted under the laws thereof.

11. If any of the provisions, terms, clauses, waivers and releases of claims and rights contained in this Agreement are declared illegal, unenforceable or ineffective in a legal forum of competent jurisdiction, such provisions, terms, clauses, waivers and releases of claims or rights shall be modified, if possible, in order to achieve, to the extent possible, the intentions of the parties, and if necessary, such provisions, terms, clauses, waivers and releases of claims and rights shall be deemed severable, such that all other provisions, terms, waivers and releases of claims and rights contained in this Agreement shall remain valid and binding upon both parties.

12. This Agreement, which shall be effective immediately upon its full execution and withdrawal of all claims pursuant to Paragraphs 1, 2 and 3, reflects the entire agreement of the parties and supersedes all prior or contemporaneous oral or written understandings, statements, representations or promises.

13. The parties further agree that this Agreement may not be altered, amended, modified, superseded, cancelled or terminated except by an express written agreement duly executed by all the parties or their attorneys on their behalf, which makes specific reference to this Agreement.

14. Each party has entered into this Agreement after negotiation in good faith, and warrants that it has negotiated in good faith. Each party, by signing this Agreement, acknowledges that it has had a full and fair opportunity to review and consider its terms; that it understands all aspects of this Agreement and all its provisions; and, that it has freely and voluntarily entered hereinto.

{00319256.DOC;}

718 618 8238       CHAMPION CONSTRU                                 12:18:00 p.m.   01-17-2008       7/11
                                                                                                          ⌀007/010

15. The undersigned parties warrant and represent that they are authorized by their respective principals to execute, and bind their respective principals to the terms of, this Agreement. The Funds expressly warrant to the Employer that they have not, in whole or in part, sold, assigned, hypothecated, granted or transferred to any other person, corporate or natural, any claim, action, demand or cause of action released by this Agreement.

16. Any and all notices or other communications required or permitted to be given under any of the provisions of this Stipulation and Order of Settlement shall be sufficient if in writing and shall be deemed to have been duly given upon the mailing thereof by certified mail, return receipt requested, addressed to the parties at the addresses set forth below (or at such other address as any party may specify by notice to all other parties given as aforesaid).

   For the Funds:      Gorlick, Kravitz & Listhaus, P.C.
                       17 State Street, 4th Floor
                       New York, New York 10004-1501
                       Attn: Michael J. Vollbrecht, Esq.

   For the Employer:   Pitta & Dreier LLP
                       499 Park Avenue
                       New York, New York 10022
                       Attn: Michael D'Angelo, Esq.

17. This Agreement may be executed in more than one counterpart, each of which shall be deemed to be an original; but all of which shall constitute one and the same instrument.

| MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND, and TRAINING PROGRAM FUND, and JOHN J. VIRGA, in his fiduciary capacity as Director | CHAMPION CONSTRUCTION CORP. |
|---|---|
| _____ | _____ 1/17/08 |

{00319256.DOC;}

718 818 8236       CHAMPION CONSTRU
01/17/2008 09:33 FAX                                    12:18:21 p.m.    01-17-2008    8/11
                                                                              ⌀008/010

SO ORDERED: *[signature]*

Hon. Colleen McMahon, U.S.D.J.

1-24-08

{00319236.DOC;}